UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, *et al.*,

    Plaintiffs,

v.

ROBERT W. FERGUSON, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05574 RJB-JRC

ORDER TO SHOW CAUSE REGARDING IFP APPLICATIONS AND COUNSEL

The District Court has referred this matter filed under 42 U.S.C. § 1983 to the undersigned, as authorized by 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt 9. This case is before the Court on plaintiffs' motions to proceed *in forma pauperis* ("IFP") and proposed class action complaint. *See* Dkts. 1, 3–7.

Plaintiffs allege injuries including violations of their constitutional rights and state and federal law and request that this Court grant class certification. Because two plaintiffs appear to be able to pay the filing fee and because this matter may not proceed as a class action unless

plaintiffs obtain counsel, plaintiffs must show cause regarding whether they each qualify to proceed IFP and whether they request the appointment of counsel on their behalf.

**DISCUSSION**

Plaintiffs, who state that they are each civil detainees at the Special Commitment Center ("SCC"), initiated this matter by filing a proposed class action complaint but neither paid the filing fee nor requested that each plaintiff be allowed to proceed *in forma pauperis*. *See* Dkt. 1. The clerk's office directed plaintiffs to "submit either the full $400.00 filing fee or an application for [IFP] status." Dkt. 2. In response, plaintiffs have each filed motions to proceed IFP in this matter. *See* Dkts. 3–7. However, each plaintiff must qualify for IFP status—or the $400 filing fee to initiate the matter must be paid—before the case may proceed. *See, e.g.*, *Nur v. Blake Dev. Corp.*, 664 F. Supp. 430, 431 (N.D. Ind. 1987) (denying IFP application because co-plaintiffs' aggregate funds were sufficient to pay the costs of the action).

Here, two of the plaintiffs who have filed IFP applications appear to be able to pay the filing fee. Plaintiffs George Mitchell and Richard Jackson appear to have sufficient funds to pay the filing fee and would not qualify for IFP status. *See* Dkt. 4, at 2; Dkt. 5, at 2. Although these plaintiffs state that they require their savings upon release, this conclusory statement is inadequate for the Court to disregard the amounts in their savings accounts.

Moreover, the complaint that plaintiffs filed is a proposed class action complaint, in which plaintiffs seek to proceed on behalf of themselves and other SCC residents for alleged violations of federal and state minimum wage laws. *See* Dkt. 1. However, plaintiffs are *pro se* and therefore cannot bring a class action lawsuit. This is because by bringing a class action lawsuit without being represented by counsel, plaintiffs would be representing the class members—but it is well-established that the privilege to proceed *pro se* does not allow one to

appear as an attorney for others. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). This bars the Court from allowing these *pro se* plaintiffs to proceed with this matter as a class action. *Accord Jackson et al. v. U.S. Bankruptcy Court for the City of Tacoma et al*, 3:19-cv-05475-RBL-JRC, 2019 WL 3464860, at *2 (W.D. Wash. June 26, 2019).

For these reasons, the Court orders plaintiffs to show cause regarding plaintiff Mitchell's and plaintiff Jackson's IFP applications and whether they seek the appointment of counsel in this matter. Specifically, plaintiffs must either pay the $400 filing fee to bring this action or show cause why plaintiff Mitchell and plaintiff Jackson cannot afford to pay the filing fee. Moreover, if plaintiffs wish to proceed with this matter as a class action—which cannot proceed with *pro se* lead plaintiffs—they must either obtain counsel at their own expense or have this Court appoint counsel to represent them, if they cannot afford counsel and would otherwise qualify for the appointment of counsel. If plaintiffs wish to request the appointment of counsel to represent them, then they may file a motion for the appointment of counsel in response to this show cause order. A request to appoint counsel should address whether the exceptional circumstances necessary to appoint counsel exist: "the likelihood of success on the merits [and] the [in]ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiffs shall comply with this show cause order as outlined above **no later than September 27, 2019**. The Clerk should re-note each plaintiff's IFP application for consideration on **September 27, 2019**.

Dated this 27th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge

SHOW CAUSE ORDER - 3