UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, *et al.*,

        Plaintiffs,

v.

ROBERT W. FERGUSON, *et al.*,

        Defendants.

CASE NO. 3:19-cv-05574 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **NOVEMBER 15, 2019**

The District Court has referred this matter filed under 42 U.S.C. § 1983 to the undersigned, as authorized by 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 9. This case is before the Court on plaintiffs' class action complaint and motion for class action status.

Plaintiffs, five civil detainees housed at the Special Commitment Center ("SCC"), request to proceed with this matter as a class action lawsuit. Because plaintiffs are *pro se*, they cannot bring this matter as a class action, and the undersigned recommends that their motion for class certification be denied without prejudice, that claims brought on behalf of any detainees other

REPORT AND RECOMMENDATION - 1

1  than the five named plaintiffs be dismissed without prejudice, and that plaintiffs be permitted to
2  proceed with this matter on behalf of themselves, only.

3

4  **BACKGROUND**

5  Plaintiffs initiated this matter in June 2019 by filing a proposed class action complaint
6  and five applications to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1, 3–7. In their complaint,
7  plaintiffs seek to bring claims on behalf of themselves and other civil detainees at the SCC. *See*
8  Dkt. 11, at 4. They bring suit against the Washington State Attorney General, the SCC's CEO,
9  and the secretary of the state agency that operates the SCC. *See* Dkt. 11, at 4. They allege that
10 defendants rely upon civil detainees' labor to operate the SCC and that beginning in 2008,
11 defendants reduced SCC residents' wage to an amount well below the minimum wage and also
12 failed to provide appropriate working gear. *See* Dkt. 11, at 5, 7. On the basis of these
13 allegations, plaintiffs bring claims for violations of their constitutional rights, Washington's
14 minimum wage law, and the Fair Labor Standards Act and a claim of unjust enrichment. *See*
15 Dkt. 11, at 10–15, 19.

16  After reviewing the IFP applications and proposed complaint, the undersigned directed
17 plaintiffs to show cause "regarding whether they each qualify to proceed IFP and whether they
18 request the appointment of counsel on their behalf." Dkt. 10, at 2. Specifically, the undersigned
19 informed plaintiffs that because they were *pro se* and therefore could not bring a class action
20 lawsuit, they had to either obtain counsel at their own expense or obtain a court order appointing
21 counsel to represent them. *See* Dkt. 10, at 3. The undersigned gave plaintiffs until September
22 27, 2019, to show cause regarding their requests to proceed IFP and whether they sought the
23 appointment of counsel on their behalf. *See* Dkt. 10, at 3.

24

1  After the Court entered the show cause order, plaintiffs paid the filing fee and the Clerk's
2  office docketed plaintiff's class action complaint and motion requesting class action status. *See*
3  Dkts. 11, 12.

## DISCUSSION

Plaintiffs request that this matter be certified as a class action under Federal Rule of Civil Procedure 23. *See* Dkt. 12. The undersigned recommends denying the request.

A class action lawsuit cannot proceed with *pro se* lead plaintiffs. First, the privilege to proceed *pro se* does not allow one to appear as an attorney for others. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Because plaintiffs are *pro se*, they would be representing others, in addition to themselves as lead plaintiffs.

Second, a *pro se* lead plaintiff cannot fairly and adequately protect the interest of the class, as required for class certification under the Federal Rules of Civil Procedure. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); Fed. R. Civ. P. 23(a)(4). This prevents plaintiffs from proceeding with this matter as a class action.

Although the undersigned offered plaintiffs an opportunity to move for the appointment of *pro bono* counsel and to explain why they believe that the exceptional circumstances necessary to justify the appointment of counsel exist in this case, plaintiffs have chosen not to do so. *See* Dkt. Therefore, the undersigned recommends that the Court deny plaintiffs' motion for class certification without prejudice. *See* Dkt. 12.

The undersigned recommends that plaintiffs be allowed to join together to bring this litigation. Although the Court has discretion to *sua sponte* correct a misjoinder of parties, here, plaintiffs' claims raise common questions of law and fact and therefore plaintiffs appropriately

join together in this action.  *See* Fed. R. Civ. P. 20(a)(1).  However, plaintiffs should be aware that each plaintiff must individually sign each pleading, other than a declaration or affidavit, so that plaintiffs do not engage in the unauthorized practice of law by signing any other pleading on each others' behalf.  Further, because each of the five plaintiffs is a "party," documents such as pleadings and motions must be served on each plaintiff, in addition to any other parties in this matter.  *See* Fed. R. Civ. P. 5(a)(1).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 15, 2019**, as noted in the caption.

Dated this 30th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge