UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, *et al.*,

    Plaintiffs,

    v.

ROBERT FERGUSON, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05574-RJB-JRC

ORDER DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL

    The District Court has referred this matter to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4. This matter is before the Court on plaintiffs' motion for the appointment of counsel. *See* Dkt. 14, 15. Having considered plaintiffs' submissions, the balance of the record, and the governing law, the Court grants plaintiffs' motion for the appointment of counsel, contingent on the identification of counsel willing to represent plaintiffs *pro bono* in this matter.

///

///

**BACKGROUND**

In June 2019, plaintiffs—who are or were civilly detained at the Special Commitment Center ("SCC")—initiated this matter by filing a proposed class action complaint under 42 U.S.C. § 1983. Dkt. 1. They alleged that defendants' failure to provide appropriate working gear and reduction of SCC wages below minimum wage violated their constitutional rights, the federal Fair Labor Standards Act (*see* 28 U.S.C. § 206) (the "FLSA") and Washington's Minimum Wage Act (*see* RCW 49.46.010) (the "MWA"), as well as unjustly enriched defendants. *See* Dkt. 11. Plaintiffs, who paid the filing fee, filed a motion requesting that the matter be certified as a class action. *See* Dkt. 12.

The undersigned recommended denying the motion for class certification on the basis that *pro se* litigants may not bring a class action lawsuit but allowing plaintiffs to join their claims together for this action. *See* Dkt. 13, at 2–4. In response to the undersigned's report and recommendation, plaintiffs requested the appointment of counsel. *See* Dkt. 14. They argued, among other things, that certain plaintiffs were going to be released into the community in the near future and would not be allowed to communicate with the other plaintiffs. *See* Dkt. 14, at 3.

The District Court adopted the report and recommendation on the motion for class certification, denied the request for class certification without prejudice, and referred plaintiffs' newly raised request for counsel to the undersigned. Dkt. 15.

**DISCUSSION**

Plaintiffs proceeding under § 1983 have no constitutional right to appointed counsel. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants

pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *See id.* To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and [plaintiff's] ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these considerations is dispositive and instead [both] must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Regarding the likelihood of success on the merits, here, plaintiffs allege claims including that defendants' paying SCC detainees less than minimum wage violates equal protection and the FLSA. Although the Court declines to analyze the merits of plaintiffs' claims at this early stage in the litigation, plaintiffs' § 1983 arguments do raise a colorable claim of a constitutional violation. Plaintiffs name the DSHS secretary and SCC CEO, alleging that DSHS pays them less than minimum wage, yet pays similarly situated patients at Western State Hospital at least minimum wage. *See* Dkt. 11, at 14. They allege that this practice violates the Equal Protection clause. *See* Dkt. 11, at 14. Plaintiffs recognize that the MWA exempts residents of state institutions—presumably including the SCC—from the minimum wage requirement, but argue that the way that the exemption is applied by these defendants violates Equal Protection. They allege that the failure to pay minimum wage is ongoing. *See* Dkt. 11, at 5.

Plaintiffs argue that that the failure to pay them at least federal minimum wage separately violates the FLSA. Dkt. 11, at 15. The Eleventh Amendment bars their claim for damages against officials in their official capacities, and the FLSA generally bars prospective injunctive relief. *See Lorillard v. Pons*, 434 U.S. 575, 581 (1978); *see, e.g.*, *Bettys v. Washington*, 3:17-cv-5501 RBL, 2017 WL 3034518, at *2 (W.D. Wash. July 18, 2017) (discussing authorities that Washington State has not waived its immunity for claims arising out of the FLSA and dismissing

SCC minimum wage claims); *Strauss v. Dreyfuss*, C10-5646 BHS, 2011 WL 809797, at *2 (W.D. Wash. March 2, 2011) (dismissing claims against the superintendent and secretary under FLSA by a SCC plaintiff for this reason). However, to the extent that plaintiffs bring a claim against defendants for damages for actions taken in their individual capacities, claims for damages brought against an official in that official's individual capacity are generally viable, even if sovereign immunity would bar such a claim brought against the official in that person's official capacity. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Bonzani v. Shinseki*, 895 F. Supp. 2d 1003, 1008 n.1 (E.D. Cal. 2012) (discussing authority that the FLSA extends liability to supervisory personnel).

Moreover, this claim presents at least one unique question—whether in the Ninth Circuit, civilly-detained persons' work should be analyzed under standards applicable to prisoners, who are generally not covered employees under the FLSA, or civilian employees, who may be covered under the FLSA. *See Bettys*, 2017 WL 3034518, at *2 (citing *Real v. Driscoli Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979); *Hale v. State*, 993 F.2d 1387, 1395 (9th Cir. 1993)). Thus, the Court finds that plaintiffs have raised at least a viable argument that may have a likelihood of success on the merits.

Moreover, the Court finds that the factor of plaintiffs' ability to articulate their claims *pro se* in light of the complexity of the matter weighs heavily in favor of appointing counsel.

First, because this case involves multiple plaintiffs and because they do not reside together, *pro se* litigation is unusually impractical. Of the five plaintiffs, one no longer resides at the SCC (*see* Dkt. 16) and is, according to plaintiffs, forbidden from communicating with the others absent a court order. Although the Court has allowed plaintiffs to bring their claims together, the Court notes that practical difficulties are posed once plaintiffs are transferred from

the same institution. Being unable to communicate with each other makes joint action particularly problematic. *See Seely v. Baca*, 3:15-cv-00118-MMD-VPC, 2016 WL 829915, at *2 (D. Nev. Mar. 1, 2016); *Davis v. United States*, No. 1:07-cv-00936-LJO-SMS PC, 2007 WL 2225791, at *1 (E.D. Cal. July 31, 2007). Indeed, even if plaintiffs could communicate with each other, joint *pro se* litigation poses a variety of hurdles, including that plaintiffs must each sign pleadings separately so that they do not engage in the unauthorized practice of law. They must also each serve pleadings, motions, and other documents on each other, since each is a party. *See Osterloth v. Hopwood*, No. CV 06 152 M JCL, 2006 WL 3337505, at *5 (D. Mont. Nov. 15, 2006).

Second, the Court notes that plaintiffs' claims are somewhat complex as they pose novel issues of law—for instance, whether SCC residents are employees under the FLSA. In addition, plaintiffs bring some claims under state law, some claims under the FLSA, and some claims under § 1983. This adds a layer of complexity—for instance, prospective injunctive relief is not allowed under the FLSA; however, it is a viable claim in a § 1983 action against state officials.

Finally, the Court finds that plaintiffs cannot afford private counsel, based on their declarations that they have limited means and do not have significant employment income. *See* Dkts. 3–7.

**CONCLUSION AND DIRECTIONS TO CLERK**

The motion to appoint counsel (Dkt. 14) is granted, contingent on the identification of counsel willing to represent plaintiffs in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent plaintiffs, in accordance with the Court's General Order 10-05 ("IN RE: Amended Plan for the Representation of Pro Se Litigants

in Civil Rights Actions"), section 4.  Once it has been determined whether the Court will be able to appoint an attorney to represent plaintiffs, the Court will issue appropriate orders.

Dated this 6th day of January, 2020.

_____
J. Richard Creatura
United States Magistrate Judge