UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, and a class of similarly situated individuals,<br><br>                    Plaintiffs,<br>    v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, KELLY CUNNINGHAM, DR. HENRY RICHARDS, MARK STRONG, WILLIMA VAN HOOK, SJAN TALBOT, and DAVID FLYNN,<br><br>                    Defendants. | CASE NO. 19-5574 RJB - JRC<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss under Rule 12(c) and Rule 12(b)(1) and Motion to Strike, in part. Dkt. 40. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this putative class action, the Plaintiff brings claims under the federal constitution, pursuant to 42 U.S.C. § 1983, the Fair Labor Standards Act ("FLSA"), and under state law for

unjust enrichment in connection with detainees' work at Washington's Special Commitment Center ("SCC") for sexually violent predators. Dkt. 1. The Plaintiff seeks declaratory relief, injunctive relief, and damages. *Id.*

## I.  FACTS AND PROCEDURAL HISTORY

### A. FACTS

The following facts are taken from the Plaintiff's Amended Complaint (Dkt. 23). According to the Amended Complaint, the detainees at the SCC are involuntarily committed by the State pursuant to RCW 71.09.060 as sexually violent predators. Dkt. 23. The detainees are committed for intensive long term treatment at the SCC, which is located on McNeil Island, Washington. *Id.* The Defendants are the State of Washington and it's agency that is responsible for the SCC, the Washington State Department of Health and Human Services (collectively "State") and the individually named Defendants: former superintendents of the SCC, Kelly Cunningham, Dr. Henry Richards, the present "CEO" of the SCC, David Flynn, and former "CEOs" of the SCC, Mark Strong, William Van Hook, and Sjan Talbot. *Id.*

The Amended Complaint asserts that unlike prisoners in the state prison system, the detainees at the SCC "are forced to pay for many modern essentials, such as personal hygiene items, shoes, bedding, and warm clothing." Dkt. 23. It maintains that the "SCC employment system for [detainees] is structured to coerce detainees to work so they can earn money to buy essentials, modest 'luxuries' such as bottled water . . . and to save money to transition towards potential release into less restrictive settings or to society at large." *Id.* at 2. The Amended Complaint asserts that detainees perform a wide range of work including "meal preparation and service, clerical services, janitorial services, painting and building maintenance, electrical and plumbing repair, biohazard removal (i.e. human waste and blood), infections disease control, assisting residents who are physically disabled, and gardening." *Id.*, at 5.

The Amended Complaint asserts that since at least 2008, the detainees' wages are between $1.00 and $3.00 per hour, and they do not earn overtime pay. *Id.* It alleges that detainees at one of Washington's mental health inpatient facilities, Western State Hospital, including those with "sex offender status," are paid as much as $11.20/hour for work. *Id.*

The Amended Complaint alleges that the detainees "are not provided with the necessary equipment to safely and effectively perform their jobs," including work boots, clerical supplies, non-slip footwear for the kitchen, eye protection, and at times, safety masks or gloves even when cleaning biohazardous materials. *Id.,* at 5. It maintains that some detainees have been injured as a result of not having adequate safety gear. *Id.,* at 6.

The Amended Complaint asserts claims (against the individually named Defendants, in both their official and individual capacities) for violation of: (1) detainees' federal constitutional rights to equal protection under the fourteenth amendment and the right against being subjected to cruel and unusual punishment under the eighth amendment, including for "policies, customs or practices," and "training, supervision, or discipline," (2) FLSA, and (3) unjust enrichment. Dkt. 23.

**B. PENDING MOTION**

The Defendants now move to dismiss Plaintiff Malone's claims. Dkt. 40. Plaintiff Malone oppose the motion. Dkt. 46.

Also now pending, but not yet ripe, is Plaintiff Malone's motion for leave to amend the Amended Complaint, which is noted for consideration on October 9, 2020. Dkt. 45. The proposed second amended complaint (Dkt. 45-1), which was filed with "red-line" changes, adds a Plaintiff, James Turner, who alleges he is currently detained at the SCC. The only other changes occur on page one, where the caption is changed from "First Amended Collective

ORDER ON DEFENDANTS' MOTION TO DISMISS - 3

1  Action . . ." to "Second Amended . . .," Mr. Turner's name is added, the word "himself" is
2  changed to "themselves," and on the last page, the date was changed.

## II.  DISCUSSION

### A.  STANDARD FOR MOTION TO DISMISS

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A motion for judgment on the

pleadings is decided under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *McGlinchy v. Shell Chem.*, 845 F.2d 801, 810 (9th Cir. 1988).

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. MOTION TO DISMISS CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO RULE 12(b)(1)

In addition to damages, the Plaintiff seeks the following relief: a declaration that "defendants have violated the Constitutional rights, protections and guarantees of [the detainees] under the United States Constitution and Fair Labor Standards Act," and an injunction "ordering defendants to cease violating the laws and Constitution of the United States as it pertains to [the detainees]." Dkt. 23.

"An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

ORDER ON DEFENDANTS' MOTION TO DISMISS - 5

The Defendants' motion to dismiss Plaintiff Malone's claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1) should be granted. Plaintiff Malone does not dispute that he is no longer a detainee at the SCC. This case has not been certified as a class action. The undersigned notes that the pending motion to amend the complaint seeks to add another named Plaintiff who alleges that he currently resides at the SCC. As the case currently stands, the claims for injunctive relief should be dismissed, without prejudice, pending a decision on the motion to amend the complaint. While the Defendants also move for dismissal of Plaintiff Malone's claim for declaratory relief, it is unclear that his release from the SCC moots his claim for declaratory relief, which is retroactive in nature.

**C. CLAIMS AGAINST THE STATE AND INDIVIDUAL NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

1. <u>Violations of Federal Constitutional Rights – "Person"</u>

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). States (or state officers acting in their official capacity) are not "persons" for purposes of damages for § 1983 liability. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir. 1997). "However, there is one exception to this general rule: when sued for *prospective injunctive* relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." *Doe*, at 839 (*emphasis in original*).

Accordingly, claimed damages, retrospective injunctive relief and retrospective declaratory relief for violations of the federal constitution asserted against the State or the individually named Defendants, in their official capacities, should be dismissed with prejudice.

Under this order, claims for prospective injunctive relief should also be dismissed, but without prejudice.

### 2. Sovereign Immunity – FSLA and Unjust Enrichment

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008).

To the extent that Plaintiff claims damages, retrospective injunctive and retrospective declaratory relief against the State, or state officials acting in their official capacities, these claims should be dismissed as barred by the Eleventh Amendment. There is no evidence that Washington, its agencies, or officers have consented to such a suit for damages and they are, accordingly, immune from suits of this kind brought in federal courts. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007) (*internal quotations omitted*). While the Eleventh Amendment does not preclude suits that seek prospective injunctive relief against a state official, *Ex Parte Young,* 209 U.S. 123 (1908), Plaintiff Malone does not have standing for such a claim because he is no longer at the SCC.

### 3. Conclusion as to the State and Individually Named Defendants in their official capacities

All claims for damages, retrospective injunctive and retrospective relief for violations of the detainees' federal constitutional rights, violations of the FLSA, or for unjust enrichment asserted against the State and individually named Defendants in their official capacities should be dismissed with prejudice.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 7

## D. CLAIMS ASSERTED AGAINST THE INDIVIDUALLY NAMED DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

The Plaintiff makes claims against the individually named Defendants, in their individual capacities, for violation of his fourteenth (equal protection and due process) and eighth amendment rights, for violation of the FLSA, and for unjust enrichment. Each of the individually named Defendants are alleged to be either former or the current heads of the SCC.

### 1. Federal Constitutional Claims made pursuant to 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violations are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). A defendant may be held liable as a supervisor under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)(*quoting Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)).

The motion to dismiss the claims asserted against the individual Defendants in their individual capacities should be granted. The Amended Complaint and proposed amended complaint (Dkt. 45-1) has failed to assert sufficient facts to support the individually named Defendants' personal participation.

A majority of the assertions in the Amended Complaint against them are mere "formulaic recitations" of the elements of a claim and, at times, appear to improperly assert claims against them solely by virtue of their position as supervisors and heads of the SCC. *Monell,* at 694. Moreover, the Amended Complaint's allegations, that these individually named Defendants "had/have supervisory authority and responsibility . . . for promulgating, approving, and implementing all SCC policies, practices, and procedures and for training all SCC personnel" (Dkt. 23) are vague and conclusory allegations of personal participation which are insufficient to state a claim against them. "[C]onstitutional tort claims against supervisory defendants turn on the requirements of the particular claim—and, more specifically, on the state of mind required by the particular claim—not on a generally applicable concept of supervisory liability." *OSU Student All. v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

Further, there are no allegations in the Amended Complaint about events that occurred to Plaintiff Malone specifically. For example, there is no allegation that he was in any manner injured by the alleged lack of provision of necessities or that he suffered any injuries due to not having work related supplies.

While the individually named Defendants move for dismissal of the federal constitutional claims asserted against them on the grounds of qualified immunity (Dkt. 40) and particularly as to the equal protection claim, that motion may have merit, but the decision on qualified immunity is premature. The Defendants' claim to qualified immunity should be addressed soon, however.

At this point, Plaintiff Malone's constitutional claims against the individually named Defendants, in their individual capacities, should be dismissed without prejudice. It is unnecessary to reach the further grounds that they advance for the claims dismissal.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 9

2. Claims under FLSA

The Defendants move to dismiss claims asserted against the individually named Defendants for violation of the FLSA, arguing that the detainees here are not "employees" for purposes of the Act. Dkt. 40.

As pled in the Amended Complaint and proposed second amended complaint, this claim against the individually named Defendants in their individual capacities is an end run at the State's Eleventh Amendment immunity. All the acts Plaintiff Malone complains of, which violates the FLSA, are driven by the SCC's policy. They should be dismissed as barred by the Eleventh Amendment. To the extent the claim could be construed as not being driven by policy, the FLSA claim should be dismissed for a failure to state a claim.

Both parties agree that the Ninth Circuit Court of Appeals has not ruled on whether detainees held pursuant to a sexually violent predator statute are "employees" for purposes of the FLSA. While the Ninth Circuit has held that sexually violent predator detainees are entitled to "more considerate treatment and conditions of confinement than criminals whose confinement are designed to punish," *Hydrick v. Hunter,* 500 F.3d 978, (9th Cir 2007), there is no indication that the improved "treatment and conditions" includes considering them "employees" for purposes of the FLSA. The Ninth Circuit has held that prisoners are not "employees" under the FSLA. *Burleson v. California*, 83 F.3d 311, 313–14 (9th Cir. 1996). Other circuits who have considered the question have found that civil detainees held pursuant to sexually violent predator statutes were analogous to prisoners to whom the FLSA doesn't apply. *Matherly v. Andrews,* 859 F.3d 264, 278 (4th Cir. 2017)(Rule 12(b)(6) dismissal of SVP detainee's FSLA claim proper); *Sanders v. Hayden,* 544 F.3d 812, 814 (7th Cir. 2008); and *Miller v. Dukakis,* 961 F.2d

7, 8-9 (1st Cir. 1992). These authorities are persuasive and the FLSA claims should be dismissed.

Moreover, even if, as Plaintiff Malone asserts, the Ninth Circuit's "economic reality" test applies, the Amended Complaint and proposed second amended complaint fail to allege facts which would support a finding that he was an "employee" under the FLSA. The claim should be dismissed.

### 3. Unjust Enrichment

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it. In such situations a quasi-contract is said to exist between the parties." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258, 1262 (2008) Washington law requires three elements be established: (1) "a benefit conferred upon the defendant by the plaintiff;" (2) "an appreciation or knowledge by the defendant of the benefit;" and (3) "the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Id.*

The claim for unjust enrichment asserted against the individually named Defendants, in their individual capacity, should be dismissed. Plaintiff Malone's Amended Complaint and proposed second amended complaint has failed to identify a benefit that was conferred on these individually named Defendants. While he maintains that he made their jobs easier, that general assertion is not sufficient. Plaintiff appears to be alleging that his work and the work of other detainees reduced the cost of their detention, but he fails to point to any facts which plausibly show that the individually named Defendants benefited from this. This unjust enrichment claim, like the Plaintiff's FLSA claim, appears to be an attempt to skirt around the Eleventh

Amendment bar. The Plaintiff's claim against the individually named Defendants for unjust enrichment should be dismissed without prejudice.

### E. STATUTE OF LIMITATIONS

The Defendants move for dismissal of all claims the Plaintiff makes for events occurring before June 20, 2016, which is three years before he filed his original complaint, as barred by the statute of limitations. Dkt. 40.

"Section 1983 does not contain its own statute of limitations." *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999). "Thus, the federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claim arose. In Washington, the catch-all three-year limitations period 'for any other injury to the person or rights of another' contained in R.C.W. 4.16.080(2) applies to § 1983 claims." *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017). The FSLA has either a two-year or three-year statute of limitations. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016)("the two-year statute of limitations for actions under the FLSA may be extended to three years if an employer's violation is deemed willful'"). Additionally, claims for unjust enrichment in Washington must be brought within three years. RCW 4.16.080(3).

"Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Even considering the Amended Complaint and proposed second amended complaint with generous liberality, the Court cannot find any basis to toll the statute of limitations. Plaintiff Malone, while generally arguing that there could be a basis to toll the statute of limitations,

offers none. Plaintiff Malone has failed to state a claim upon which relief can be granted for events occurring before June 20, 2016. While it is not clear from the current pleadings in the case, this may eliminate the claims asserted against some of the former superintendents and "CEOs."

### F.  MOTION TO STRIKE

The Defendants also move to strike paragraph 32 of the Amended Complaint. It provides:

> On information and belief, some SCC staff, including individuals with only a General Equivalency Diploma, can earn between $80,000 and $120,000 a year with overtime. Due to Plaintiffs' labor, the jobs of SCC staff are easier. On information and belief, some SCC staff watch television and sleep on the job while Plaintiffs perform duties of the SCC staff.

Dkt. 23, at 6.

Pursuant to Fed. R. Civ. P. 12(f), the court may strike claims or allegations which are immaterial to an action. Motions to strike claims or allegations under Rule 12(f) are disfavored. *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180(N.D. 2001).

The Defendants' motion to strike (Dkt. 40) should be denied. While of limited use, the allegation is not wholly "immaterial."

### G.  CONCLUSION

By this order, several of the Plaintiff's claims are dismissed with prejudice. Further, other issues decided in this order effect the Plaintiff's pending motion for leave to file a second amended complaint. Plaintiff should be afforded an opportunity file a renewed motion for leave to amend his amended complaint after considering this ruling. If he chooses to file a renewed motion to amend, he should do so in accordance with the Local Rules and include a proposed second amended complaint. Any such motion should be made by October 15, 2020.

The Joint Status Report was due on September 29, 2020 and has not been filed. The parties should be given until October 30, 2020 to file their Joint Status Report.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

(1) Defendants' Motion to Dismiss (Dkt. 40) **IS GRANTED** as follows:

- Plaintiff Malone's claims for injunctive relief **ARE DISMISSED**;
- All claims for damages, retrospective injunctive and retrospective relief for violations of the detainees' federal constitutional rights, violations of the FLSA, or for unjust enrichment asserted against the State and individually named Defendants, in their official capacities, **ARE DISMISSED WITH PREJUDICE**;
- Claims for constitutional violations asserted against the individually named Defendants in their individual capacities, **ARE DISMISSED WITHOUT PREJUDICE**;
- Claims for violation of the FLSA asserted against the individually named Defendants, in their individual capacities, **ARE DISMISSED**;
- Claims for unjust enrichment asserted against the individually named Defendants, in their individual capacities, **ARE DISMISSED WITHOUT PREJUDICE**;
- The constitutional claims asserted against the individually named Defendants, in their individual capacities, **ARE DISMISSED WITHOUT PREJUDICE**;
- All claims based on events before June 20, 2016 **ARE DISMISSED WITH PREJUDICE**;
- The deadline for the Plaintiff to file a renewed motion to amend, if any, **IS OCTOBER 15, 2020;**

- The deadline for the parties to file their Joint Status Report **IS RESET** to **OCTOBER 30, 2020**.

(2) Defendants' motion to strike (Dkt. 40) **IS DENIED**.

(3) This case and all pending motions **ARE RE-REFERRED** to U.S. Magistrate Judge J. Richard Creatura.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of September, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge