UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE,<br><br>            Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>            Defendants. | CASE NO. 3:19-cv-05574-RJB-JRC<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

This matter is before the Court on plaintiffs' motion to amend their complaint and on referral from the District Court. *See* Dkts. 9, 52.

Plaintiffs can no longer amend their complaint as of right, so that they must have defendants' written consent or the court's leave to amend their complaint. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Factors that may be considered in deciding whether to grant leave to amend include whether there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility of amendment, or undue prejudice to the opposing party. *See* Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

1051–52 (9th Cir. 2003). Whether there is prejudice to the opposing party is the factor that should be given the greatest weight. *See id.*

Here, defendants do not oppose granting leave to amend, so that the Court concludes that there is no undue prejudice to the opposing party. Nor does the record reveal anything untoward about the amendment: in fact, the District Court has dismissed certain claims without prejudice and allowed plaintiffs to file a renewed motion to amend. *See* Dkt. 49, at 14.

Finally, although the Court declines to comment on the merits of the amended complaint, the amendments do not appear to be futile. The amendments replace plaintiff Calvin Malone with six other plaintiffs; name a different defendant; delete claims other than those brought under 42 U.S.C. § 1983; and seek only injunctive and declaratory relief. This appears to the Court to be consistent with the Order on Defendants' Motion to Dismiss, which dismissed plaintiff Malone's claims for injunctive relief; claims for damages and retrospective relief for violations of constitutional rights, the Fair Labor Standards Act ("FLSA"), and for unjust enrichment; claims for constitutional and FLSA violations and unjust enrichment brought against individual defendants in their individual capacities; and claims based on events before June 20, 2016.

Therefore, the motion for leave to amend (Dkt. 52) is granted. Plaintiffs are directed to electronically file a clean copy of the proposed amended complaint (*see* Dkt. 52-1) as the operative Amended Complaint in this matter.

Dated this 25th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND
COMPLAINT - 2